## BROOKS *v.* COTTON.

Under the statute which provides that in all contracts for or relating to labor, ten hours of actual labor shall be taken to be a day's work, unless otherwise agreed by the parties, if work is done through the season at a certain agreed price per day, and the work done from time to time in a day is done and accepted without objection as a day's work, an agreement may be implied that the work done in a day, whether on an average more or less than ten hours, shall be reckoned and paid for as a day's work.

ASSUMPSIT for work and labor of the plaintiff for defendant from November 19, 1864, to April 26, 1865, in all 110 1-2 days, at $2.50 per day.

It is agreed for the purposes of this case that the plaintiff offers evidence tending to show that, being a house carpenter by trade, he agreed with the defendant to work for him in his trade as house carpenter for the sum of $2.50 per day, nothing being said by either party as to the number of hours necessary to constitute a day's work, nor as to what should constitute such a day's work, and that he did work during said time 110 1-2 different days, each day working from sunrise to sunset, but not ten hours per day for each of said days. The plaintiff claims to recover for each actual day's work the sum of $2.50 per day. The defendant claims that a day's work is a day of ten hours, and it is agreed that in thus reckoning it the plaintiff has not worked 110 1-2 days, but a less number. The parties agree to submit to the court the question as to what constitutes a day's work, and the case to be sent down for trial or judgment on their finding. But this statement shall not be evidence in any trial that may hereafter be had of this cause.

*Goodall,* for the plaintiff.

*Hatch,* for the defendant.

PERLEY, C. J. We take the general statement of the case to be this : The plaintiff worked for the defendant at his trade of a carpenter from November to April, under an agreement for $2.50 a day, without any previous express agreement fixing the number of hours he should

work for a day; without any question made until the work was done as to what should constitute a day's work, and without any request that he should work longer for a day. We suppose that the defendant must have known, while the work was going on, how long the plaintiff worked for a day, and made no objection that he did not work daily as long as by his agreement and the understanding of the parties he was bound to work; that no account was kept of the time worked in each day. The ground taken by the defendant requires it to be now ascertained how many hours the plaintiff worked in all, and that he should receive $2.50 for each ten hours of labor, which it may be found on evidence now introduced that he actually worked for the defendant.

The statute is in these terms: "In all contracts for or relating to labor, ten hours of actual labor shall be taken to be a day's work unless otherwise agreed by the parties; and no person shall be required or holden to perform any more than ten hours labor in any one day, except in pursuance of an express contract requiring a greater time."

It is to be observed that where the employer insists on more than ten hours of work a day, the statute requires that the contract, which he relies on, should be *express*. In other cases, agreements varying from the statutory provision are not required to be express, and of course may be implied. If, in this case, the nature of the work done, the custom of the business, and the conduct of the parties while the work was going on, should show that the work done in a day was understood by them at the time to be a day's work, and was accepted as such by the defendant, an agreement would be implied that the work done in a day should be taken for a day's work. By accepting from time to time the work done in a day as a day's work, the defendant would be understood to have agreed and assented that the work so done in a day should be reckoned and paid for as a day's work, though less than ten hours. If the plaintiff was bound to work ten hours for a day's work, the defendant was bound to employ him for ten hours in each day. The plaintiff could not be required to devote more than one day to a day's work.

The employer cannot *require* the laborer to work more than ten hours in a day without an express agreement; that is to say, if the laborer is called on at the time to work more than ten hours in a day, he cannot be required to do it unless he is bound to do it by an express agreement. But we do not understand that this provision reaches to the case where the laborer hired by the month or the year has voluntarily worked more than ten hours a day. If he is to be paid at a certain rate per day, it may in such case be implied from the nature of the employment and the conduct of the parties that what he did in a day was to be reckoned as a day's work. There would be great inconvenience when labor had been performed according to the custom of the business without any question raised on the subject, and without any time actually kept, if after the work was done and accepted either party could insist on an inquiry whether more or less than ten hours a day had been worked on an average of the whole time. In the miscellaneous work done on a farm at different seasons of the year, it would be extremely inconvenient to insist on the application of the statutory rule of exactly ten hours' work

in a day, and still more so in some other employments, like domestic service. Practically the statutory rule is not, we understand, followed in such cases ; and it may be implied, where more or less work than ten hours a day is done and accepted without objection, that the parties have understood and agreed that the work actually done in a day shall be reckoned and taken for a day's work.

In this case we think it must be left to the jury to find, as matter of fact, whether the work done by the plaintiff in a day was by the understanding and implied agreement of the parties to be taken and reckoned for a day's work.

*Case discharged.*